977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ahmad Zia HELMANDI, Defendant-Appellant.
 No. 91-50424.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 17, 1992.*
Decided Oct. 6, 1992.
 
 Before WIGGINS, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Helmandi appeals his conviction for importation of heroin in violation of 21 U.S.C. §§ 952(a) and 960(a)(1), and possession of heroin with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). He argues that (a) the district court abused its discretion by failing to conduct an evidentiary hearing on his motion to suppress, and (b) there was insufficient evidence to support his conviction. We affirm.
 
 
 3
 I. The Evidentiary Hearing.
 
 
 4
 We review a decision not to hold an evidentiary hearing on a motion to suppress for abuse of discretion. United States v. Ayers, 924 F.2d 1468, 1481 (9th Cir.1991).
 
 
 5
 A defendant is entitled to an evidentiary hearing if "the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue." United States v. Walczak, 783 F.2d 852, 857 (9th Cir.1986) (emphasis added). Helmandi was entering the United States on an international flight, subject to customs inspection, so the government could perform a routine customs search without a search warrant, without probable cause, and even without "mere suspicion." United States v. Quintero-Castro, 705 F.2d 1099, 1100 (9th Cir.1983). A more intrusive search, even a customs search, requires a higher level of suspicion. United States v. Ek, 676 F.2d 379, 382 (9th Cir.1982).
 
 
 6
 The judge told Helmandi his tentative view, and gave him a liberal opportunity to say what he wanted to prove in a hearing. Helmandi's moving papers did not establish the existence of a contested and material issue of fact, and he asserted none in response to the judge's invitation at the hearing. The customs inspectors noticed Helmandi's nervousness. Helmandi told them that he had traveled to India to visit relatives. But customs had already been tipped off that Helmandi had no relatives in India, according to what he had told the visa official in New Delhi. Helmandi told the customs inspector he was a student who worked part-time in a restaurant, but the inspector noticed that Helmandi had purchased his $800 international air ticket with cash.
 
 
 7
 This was enough suspicion to justify a search of some intrusiveness, yet the search was not intrusive at all. The customs agent looked in Helmandi's suitcase and carry-on bags, then took him to a private room for a pat-down search. When Helmandi entered the room he spontaneously took off his jacket and put it on a chair. The agent felt the bulging shoulder pads, noticed that they were crunchy, and looked at the lining. The shoulder pads had been sewn back in with purple thread, not the black thread used in the rest of the jacket. The inspector cut a few threads, tore open the seam, and removed a million dollars worth of heroin.
 
 
 8
 Helmandi did not put any of the customs officers' declarations at issue by affidavit. His attorney told the judge that the exact extent of damage to the jacket and availability of less intrusive means to search it were not established by the customs agents' declarations, so she wanted to cross-examine them. On appeal, Helmandi claims that he had good explanations for the apparently suspicious circumstances, and wanted to cross-examine the customs inspectors. His explanations, he claims, would have shown that he was nervous from the stress and bad food on a long flight, and the reasons why he had traveled to India.
 
 
 9
 But none of Helmandi's proposed testimony would have made any difference. The question was whether an overly intrusive search had been done, relative to the level of suspicion a reasonable customs officer would have had. The answer was clear, and nothing Helmandi proposed to prove at a hearing could have changed it. As customs searches go, this search--feeling the bulging shoulder pads of a jacket lying on a chair, and then cutting obviously new threads in the lining to see what caused the crunchy feeling--was not very intrusive, especially in light of the fact that substantial suspicion had been well-established. The district court did not abuse its discretion in refusing to hold a hearing.
 
 
 10
 II. Sufficiency of the Evidence.
 
 
 11
 Helmandi's sufficiency of evidence argument is put in terms of his having explained everything in his testimony at trial. He explained that a friend had given him the jacket, and he did not know there was heroin in it. The verdict indicates that the jury did not believe him.
 
 
 12
 We review the sufficiency of the evidence by determining "whether any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. The test is whether the evidence and all reasonable inferences which may be drawn from it, when viewed in the light most favorable to the government, sustain the verdict." United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990).
 
 
 13
 Reasonable jurors could have inferred from the vast illicit wealth of heroin in Helmandi's shoulder pads, along with his demeanor in New Delhi and at the airport in the United States, the unlikelihood of a poor student making this trip, Helmandi's inconsistent statements, and his unlikely story, that he intentionally and knowingly committed the crimes of which he was accused.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3